NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOHN JACOBS, III, | CIV. ACTION NO. 22-5169 (RMB/MJS) |
| Plaintiff | **OPINION** |
| v. | |
| JOHN CUZZUPE, | |
| Defendant | |

RENÉE MARIE BUMB, District Judge

Plaintiff John Jacobs III is a pretrial detainee confined in Salem County Correctional Facility in Woodstown, New Jersey.  He filed a *pro se* civil rights complaint without submitting the $402 filing and administrative fees or alternatively submitting an application to proceed without prepayment of the filing fee ("IFP") pursuant to 28 U.S.C. § 1915(a). Courts may *sua sponte* screen a *pro se* prisoner's complaint prior to determining IFP status. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.")

If a *pro se* prisoner is granted IFP status, he or she must pay the filing fee in installments, and even if the full filing fee or any part of it has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions);  28

U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e(c) (dismissal of claims regarding prison conditions).

In his complaint, Plaintiff alleges the warden of Salem County Correctional Facility, John Cuzzupe, is liable for Plaintiff having been place in solitary confinement because he is mentally ill. Plaintiff also alleges that he is Muslim, and that he was treated differently from inmates of other religions, who are permitted to attend services multiple times a week. This Court will dismiss Plaintiff's claims without prejudice.

"Because vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, Plaintiff may bring his claims against the individuals who were personally involved in the alleged misconduct. For example, Plaintiff may name as defendants the staff involved in placing him in solitary confinement, and the staff who denied him the opportunity to practice his religion in the same manner as similarly situated inmates. Plaintiff may also amend his claims against the warden if he can establish the elements of a claim for supervisory liability.

> There are two theories of supervisory liability, one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir.2004) (second alteration in original).

*Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir. 2010).

Therefore, the Court will dismiss the complaint without prejudice for failure to state a claim.

An appropriate order will be entered.


DATED: <u>**February 7, 2023**</u>

                                          <u>s/Renée Marie Bumb</u>
                                          **RENÉE MARIE BUMB**
                                          **Chief United States District Judge**